IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

VIRGINIA DENISE LITTLE                                                              PLAINTIFF

VS.                                                            CIVIL ACTION NO. 2:06cv65-KS-MTP

CHRISTOPHER EPPS, et al.                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's *Motion for Judgment Against Jason D. Little, Sr.* [17], and the court having considered the motion recommends that it be denied.

**Procedural Summary**

On or about February 21, 2006, Plaintiff filed this action against her husband, Jason Little; his sister, Julie Montague; and various employees of the Mississippi Department of Corrections. The complaint alleges, *inter alia*, various state law claims including slander, false imprisonment, invasion of privacy, and infliction of emotional distress. The sole federal claim asserted against Jason Little is based on an alleged conspiracy between some of the defendants to deprive her of her civil rights. While the complaint does not mention 42 U.S.C. § 1983, subsequent filings indicate that plaintiff is attempting to proceed pursuant to that statute. Plaintiff has attached her husband's diary and various other documents to her complaint which apparently relate to an ongoing divorce matter or domestic dispute.

According to the plaintiff, Jason Little was served with process on or about June 13, 2006 [6-1]. Jason Little responded with a Motion to Dismiss [14] on July 31, 2006. On August 3, 2006, plaintiff filed her *Motion for Judgment Against Jason Little, Sr.* claiming that Jason Little's failure to file an answer on or before July 3, 2006 – twenty days after service of the summons and complaint – entitles her to a judgment against him in the amount of $250,000.00 for mental and emotional distress, loss of alimony, false imprisonment and loss of income. She further requests the court to bring criminal charges against Jason Little.

On February 13, 2007, Jason D. Little responded to the motion to dismiss arguing that Plaintiff is not entitled to a default judgment for failure to comply with Rule 55 of the Federal Rules of Civil Procedure. He further argues that he cured any default upon filing his motion to dismiss.

## Legal Analysis

Pursuant to Rule 55 (a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." The rule clearly requires an affidavit or application to be filed with the clerk for a default to be entered and then only if the defaulting party has failed to plead or otherwise defend. Neither condition is satisfied here. First, plaintiff filed no affidavit or application as required by the rules. Second, Jason Little had "otherwise plead or defended" when the default judgment was requested. *Hudson v. North Carolina*, 158 F.R.D. 78 (E.D.N.C. 1994) (Defendant cured default by filing motion to dismiss, however late, before plaintiff filed for default judgment.) Accordingly, default is not appropriate.

In other appropriate cases, the *court* may enter default. See Fed. R. Civ. P 55 (b)(2). However, entry of a default judgment is left to the sound discretion of the district judge. 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil* §2685; *Mason vs. Lister,* 562 F.2d 343, (5th Cir. 1977)("Generally, the entry of default judgment is committed to the discretion of the district judge.") A party making such a request is not entitled to a default judgment as a matter of right. 10A Wright, Miller & Kane §2685.

As the court noted in *Hudson* vs. *North Carolina*, courts looks at a number of factors in exercising this discretion including prejudice to the plaintiff, whether the default is of a procedural nature and whether it would result in injustice. *Hudson* at 80. Those factors favor Jason Little in this case. The plaintiff will not be prejudiced by having the case decided on the merits. Indeed, she has made similar allegations against a number of other parties who are still before the court, discovery has not been completed and the matter is not set for trial. Conversely,

the defendant would suffer undue prejudice, especially considering the amount demanded by plaintiff, if a default judgment were entered.   Finally, the default was of a technical or procedural nature.  Defaults of this nature are generally disfavored.  *Id*.

## Recommendation

Based on the foregoing, the undersigned recommends that the Motion for Judgment Against Jason D. Little, Sr. [17] be denied.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1),  any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 16th day of February, 2007.

s/Michael T. Parker
United States Magistrate Judge