IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

VIRGINIA DENISE LITTLE                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 2:06cv65-KS-MTP

COMMISSIONER CHRISTOPHER EPPS, *et al.*                                  DEFENDANTS

REPORT AND RECOMMENDATION

Presently before the court is the Motion to Dismiss [9] filed on behalf of Defendant Julie Montague and the Motion to Dismiss [14] filed on behalf of Defendant Jason Little.  Having considered the motions and memoranda, the plaintiff's responses [11] [19], and defendant's reply [12] to the motions, the court recommends that the motions be GRANTED.  The court further finds more specifically as follows:

Plaintiff Virginia Little, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Julie Montague, Jason Little, and other defendants alleging that her civil rights have been violated.[1]  Plaintiff specifically alleges that her claims against Defendants Montague and Little are those found in Section I and IV of her complaint.  Section I alleges, *inter alia*, that Defendants Montague and Little conspired with state actors to violate her constitutional rights.  Section IV of the complaint alleges various causes of action under state law including slander, malice, invasion of privacy, and intentional infliction of emotional distress, as well as conspiracy to interfere with civil rights.

---

[1]Plaintiff does not cite the specific section in her complaint; however, plaintiff does invoke 42 U.S.C. § 1983 in her responses to the motions.

FACTS

Plaintiff alleges that while on probation she was "falsely violated off of House Arrest on May 5, 2005" because of the actions of Defendants Little, Montague and others.[2]  According to the complaint, "Jason Darrell Little, Sr., and his sister, Julie Montague, started calling Officer Marvin Smith to have [plaintiff] violated."[3]  Officer Marvin Smith, a named defendant in this case, was plaintiff's "house arrest officer" at the time of the alleged conspiracy.[4]

Plaintiff and her husband Jason Little were separated by court order on November 9, 2004.[5]  Plaintiff claims that Little and Montague wanted her imprisoned "to keep Jason Little from having to pay child support and alimony."[6]  Liberally construed, plaintiff alleges a conspiracy on the part of her husband and his sister, Defendants Little and Montague, to have her removed from house arrest and transferred to the general prison population in the Mississippi Department of Corrections.

ANALYSIS

On a motion to dismiss for failure to state a claim upon which relief can be granted, this court must adhere to the "rigid" 12(b)(6) standard.  *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986).   This means that all factual allegations set out in the plaintiff's complaint must be accepted as true, that all doubts about sufficiency of evidence must be resolved in his favor,

---

[2] Complaint [1] at 5.

[3] Complaint [1] at 5.

[4] Complaint [1] at 6.  Smith is employed by the Mississippi Department of Corrections. Answer [7] at ¶ 3.

[5] Complaint [1] at 5.

[6]Complaint [1] at 6.

and that the case cannot be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Whitehead v. Zurich American Ins. Co.,* 348 F.3d 478, 479 (5th Cir. 2003).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Daniel v. Ferguson,* 839 F.2d 1124 (5th Cir. 1988). The Court in *West* concluded that, in order to act under color of state law, the defendant in a §1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

In the instant complaint, there are no allegations that Defendant Montague and Defendant Little are state actors. The allegations indicate that both Montague and Little are private citizens. Any deprivation plaintiff allegedly suffered from Montague and Little was not "under color of state law."

In order for a private citizen to be held liable under §1983, the plaintiff must allege that the citizens conspired with or acted in concert with state actors. *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). The Fifth Circuit has held that a non-state actor may be liable under §1983 if the private citizen was a willful participant in a joint activity with the State or its agents. *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Cinel*, 15 F.3d at 1343. "Allegations that are merely conclusory, without

3

reference to specific facts, will not suffice." *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)).

While it is possible, in limited circumstances, to allege a § 1983 conspiracy against a private actor, plaintiff fails to do so. Her complaint consists of conclusory allegations of conspiracy to violate her civil rights. The plaintiff asserts that Defendants Julie Montague and Jason Little, Sr., had both tried since September of 2003 to have her "violated" for pawning a gun.[7] Plaintiff alleges that Defendant Montague started calling Officer Marvin Smith to have her "violated" and was constantly writing letters to MDOC.[8] Additionally she claims that Defendant Little was trying to get Officer Marvin Smith, also a defendant and an alleged conspirator, "fired" from his job.[9] She asserts that on May 3, 2005, Jason Little met with Officer Charles Burnell[10] in what was an "illegal" meeting furthering the conspiracy to have her "violated."[11] Plaintiff contends that Defendant Little stalked her and illegally videotaped her with another man "kissing and fondling."[12] Plaintiff filed over two hundred (200) documents along with her complaint, including the diary of her ex-husband. Nonetheless, her complaint consists almost entirely of conclusory allegations of a conspiracy and does not allege specific facts sufficient to show an agreement between these private actors and the state or its agents to commit an illegal act.

---

[7]Complaint [1] at 5.

[8]Complaint [1] at 5.

[9]Complaint [1] at 5.

[10]Burnell, a named defendant in the case, is employed by the Mississippi Department of Corrections. Answer [7] at ¶ 3.

[11]Complaint [1] at 5.

[12]Complaint [1] at 6.

At best, she has alleged improper motives on the part of Little and Montague for wanting her imprisoned.  In *Mobray v. Cameron County, Tex.*, 274 F.3d 269 (5th Cir. 2001), the court found that a prisoner plaintiff failed to state a claim when he sued a family member (who was not a state actor) alleging a conspiracy to violate his civil rights pursuant to § 1983.  In *Mobray*, the court held that plaintiff's allegations that a private citizen met with the police, answered their questions and took an interest in the criminal investigation of the plaintiff did not state a claim under § 1983.  Likewise, plaintiff's allegations that Jason Little and Julie Montague took a special interest in her custodial classification or met with MDOC officers does not state a claim for conspiracy.  Therefore, dismissal for failure to state a claim is appropriate.  *See also Priester v. Lowndes County*, 354 F.3d at 421(holding that dismissal was appropriate under § 1983 because complaint did not allege an agreement between defendants to commit an illegal act, nor does it allege specific facts to show an agreement).

Additionally, taking as true plaintiff's allegations that defendants Little and Montague conspired with state actors to remove her from house arrest, plaintiff fails to state a cognizable claim under § 1983 as her constitutional rights are not implicated.  Section 1983  "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers.  It reaches no further than deprivation of a federally protected or constitutionally secured right or privilege."  *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir. 1984) (internal quotations and citation omitted).

Plaintiff has no constitutional right to a custodial classification of her choosing and, therefore, suffered no deprivation of a constitutional right.  "[A] prisoner has a liberty interest

5

only in "freedom[s] from restraint...impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005)(internal quotations and citations omitted). "[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).[13]  Because in asserting such a claim the plaintiff must rely "on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *See also Lewis v. State*, 761 So.2d 922 (Miss. Ct. App. 2000) (holding that removal from house arrest and return to general prison population was a matter of inmate classification).[14]  Therefore, the undersigned finds that the plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 against the non-state or private actors, Jason Little and Julie Montague.

RECOMMENDATION

Based on the foregoing, the plaintiff has failed to present an arguable constitutional claim under 42 U.S.C. §1983 against defendants Julie Montague and Jason Little.  Accordingly, the undersigned recommends that these defendants' Motions [9][14] to Dismiss be GRANTED and that plaintiff's § 1983 claims against these defendants be dismissed with prejudice.  The court further recommends that any remaining claims arising under state law as to these defendants be

---

[13] The plaintiff likewise has no liberty interest in his housing assignment.  *Taylor v. Carlize,* 172 Fed. Appx. 589, 591 (5th Cir. 2006).

[14] At this time the court declines to address any alleged procedural due process claims raised by the plaintiff against the remaining defendants as this issue does not concern the private citizen Defendants Little and Montague.

dismissed without prejudice.[15]

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 16th day of February, 2007.

s/ Michael T. Parker
United States Magistrate Judge

---

[15] *See* 28 U.S.C. § 1367 (The district court may decline to exercise supplemental jurisdiction when the district court has dismissed all claims over which it has original jurisdiction).