IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

VIRGINIA DENISE LITTLE

VS.                                         CIVIL ACTION NO. 2:06cv65-KS-MTP

MARVIN SMITH, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATIONS AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Motion to Dismiss [9] filed on behalf of Defendant Julie Montague and Motion to Dismiss [14] filed by Defendant Jason Little and the Court after considering said motions and Response thereto and also considering the Report and Recommendations of the United States Magistrate Judge filed February 16, 2007 [27] does hereby find as follows.

**PROCEDURAL HISTORY**

Plaintiff, Virginia Denise Little, was a convicted felon who was serving her sentence of incarceration specially classified and being in a program know as "House Arrest." She was previously married to Jason Little. Julie Montague is Jason Little's sister and the ex-sister-in-law of Plaintiff. The Report and Recommendation of the Magistrate Judge sets forth in detail the chain of events leading up to the arrest and change of incarceration classification of Plaintiff from house arrest to an institutionally housed offender. This Court will not restate the sordid chain of events, but incorporates herein by reference the Magistrate Judge's recitation of the facts.

Following her institutionalization, Plaintiff filed suit alleging a violation of her civil

1

rights. This Court has reviewed the allegations of Plaintiff and finds that she is alleging a violation of 42 U.S.C. § 1983. Additionally, Plaintiff alleges the state causes of action of slander, malice, invasion of privacy, and intentional infliction of emotional distress, as well as conspiracy to interfere with her civil rights.

### ANALYSIS

On a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, this Court must adhere to the 12(b)(6) standard. *Clark v. Amoco Production Company*, 794 F. 2d 967, 970 (5th Cir. 1986). As a result, all factual allegations set forth in the Plaintiff's complaint are accepted as true and all doubts of sufficiency of the evidence are resolved in Plaintiff's favor. Under this standard, if it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim that would entitle her to relief, the case must be dismissed.

In order to have a viable claim under 42 U.S.C. § 1983 a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F. 2d 1124 (5th Cir. 1988).

Magistrate Judge Parker in his Report and Recommendation, goes through an analysis regarding the complaint and the requirements that Plaintiff must meet. This Court finds that the analysis is correct and this Court hereby adopts the analysis of Judge Parker in his Report and Recommendation.

### STANDARD OF REVIEW

"When a party objects to a Report and Recommendation this Court is required to make a *de novo* determinations of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also, *Longmire v. Gust*, 921 F. 2d 620, 623 (5th Cir. 1991) ("Parties are entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made").  Such a review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F. 2d 419, 421 (5th Cir. 1987).  No factual objection is raised when a petitioner merely urges argument contained in the original petition. *Edmond v. Collins,* 8 F. 3d 290, 293 (5th Cir. 1993).

**PLAINTIFF'S OBJECTIONS**

Plaintiff's objections to the Magistrate's report do not address the Magistrate's findings. The objections are merely recitations of the events that led to the filing of the complaint and establish no conspiracy between a state actor and Jason Little or Julie Montague, therefore, Plaintiff has failed to establish how Little and Montague, both private citizens, can be found liable of violating her civil rights.

Additionally, the state causes of action are clearly barred by the one year statute of limitations since they are all intentional torts.

**CONCLUSION**

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised in the objection.  For the reasons set forth above, this Court concludes that Plaintiff's objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate

3

statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.  Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Virginia Denise Little's claim against Jason D. Little, Sr. and Julie Montague are **dismissed with prejudice**.

     SO ORDERED this the 21st day of March, 2007.

                         *s/Keith Starrett*
                         UNITED STATES DISTRICT JUDGE